UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-538 (DLF) |
| | : | |
| JACOB TRAVIS CLARK, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION TO STAY SELF-SURRENDER

The United States of America respectfully opposes Defendant Jacob Travis Clark's Motion to Stay Self-Surrender (ECF No. 75), which is in effect a motion for bail in light of the Supreme Court's certiorari grant in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The issue to be considered in *Fischer* is the appropriate interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes of which Clark was convicted during a stipulated trial. The certiorari grant does not justify bail here, particularly because Clark has been sentenced to imprisonment on other counts not affected by *Fischer*.

The grand jury returned an indictment on August 25, 2021, charging the Clark with violations of 1512(c)(2) as well as other misdemeanor counts. On January 30, 2023, the defendant was convicted of all counts through a stipulated bench trial. On October 27, 2023, Clark was sentenced to the following:

**Count One – 18 U.S.C. § 1512(c)(2):** Thirty-three months of incarceration to run concurrently, twelve (12) months of supervised release to run concurrently and $100 special assessment

**Counts Two, Three, and Four – 18 U.S.C. § 1752(a)(1), (2), and (4):** Twelve months of incarceration to run concurrently, twelve (12) months of supervised release to run concurrently and $20 special assessment

**Counts Five and Six – 40 U.S.C. § 5104(e)(2)(D) and (G):** Six months of incarceration to run concurrently and $10 special assessment.

*See* ECF No. 70. On November 9, 2023, Clark filed a notice of appeal. On November 28, 2023, Clark filed a motion to extend his self-surrender date to January 2024. The government did not oppose this motion. This Court granted the extension until a date after January 2, 2024.[1] On December 15, 2023, two weeks before his self-surrender date, Clark filed the instant motion to extend his self-surrender date until a decision is made regarding *Fischer*.

While Clark does not mention any applicable legal standard, his motion is most appropriately construed as a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

>  (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
>  (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). The requirements for "reversal" and "an order for a new trial" encompass all counts, not just a single count. *United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1988) (explaining that defendants "cannot be released unless the appeal raises a substantial question likely to result in reversal of all counts on which imprisonment is imposed").

---

[1] The minute order dated November 29, 2023 indicated the self-surrender date would be after January 2, 2023, but the government understands this date to be in 2024 after Clark's sentencing hearing.

2

Clark fails to meet the standard.  Clark does not show by clear and convincing evidence that he is not a danger.   At sentencing, the Court varied upward from the Guidelines range, finding that Clark's imprisonment term should be 33 months.  Leading up to January 6, Clark rhetoric showed an anticipation of violence. On January 6, Clark stayed inside the building for nearly 40 minutes, joined a violent mob, encouraged other rioters to enter the Capitol, aggressively confronted multiple officers—by pointing at them, standing in close proximity to them and yelling in their faces.  ECF No. 54 at 3-10.  Clark was also in close proximity to multiple brutal assaults on officers inside the building.  ECF No. 54 at 3-10.  As soon as he entered the Capitol building, Clark picked up a wooden plank and walked through the Capitol with this object, an item capable of causing injury to other officers inside the building.  ECF No. 63 at 2-3.  Once Clark was inside the building, he threw the plank at an officer.[2]  Once Clark exited the Capitol, he later sent messages indicating that he helped "break down a door" and would "do it everyday they try to vote."  ECF No. 54 at 10.  His criminal history also includes multiple infractions.  As this Court indicated in the sentencing hearing, Clark's criminal misconduct was egregious in nature and was considered as some of the worst behavior among the January 6 defendants who were sentenced before this Court.

Clark also fails to meet the second prong of the test.  Assuming that a *Fischer*-related appeal raises a "substantial question," he cannot show that a reversal in *Fischer* (and a subsequent reversal in his case) would lead to reversal, an order for a new trial, or a non-jail sentence on all counts, or a reduced sentence to a term of imprisonment less than the total of the time already

---

[2] While this Court found at the time of sentencing that the government had not proved the assault by a preponderance of evidence, the government was able to interview the officer assaulted and confirm that the video provided by the defense was not the video of the assault on the officer. The government further notes that, at this juncture, the burden is on Clark to prove that he is not a danger by clear and convincing evidence.

served plus the expected duration of the appeal process," given the sentences imposed on the other four counts.  Indeed, obstruction of an official proceeding was not Clark's only conviction.  He was also convicted and sentenced for violations of 18 U.S.C. §§ 1752(a)(1),(2) and (4) as well as 40 U.S.C. §§ 5104(e)(2)(D) and (G) for entering and remaining in the U.S. Capitol, disorderly conduct within the Capitol, engaging in physical violence within the Capitol, and demonstrating inside the building.  Regardless of the implications of *Fischer*, the defendant was sentenced to 12 months of incarceration on three of the misdemeanor counts, and six months on two others, counts which are not at issue in the *Fischer* appeal.  A decision in *Fischer* is expected by June 2024, approximately six months after Clark's reporting date.  Therefore, the appeal will likely be resolved before Clark has finished serving his time on his other counts of conviction.  Therefore, a reversal of his Section 1512(c)(2) count would not result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." If Clark finishes serving his term of imprisonment on the other counts of convictions before *Fischer* is resolved, the appropriate remedy at that time would be to file a renewed motion for bail pending appeal, but not before then.

      For all these reasons, the defendant's motion to stay his self-surrender date for six months or more should be denied, and the Court should proceed with the self-surrender date in January 2024.

        Respectfully Submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:     */s/Nialah S. Ferrer*
        NIALAH S. FERRER
        Assistant United States Attorney
        New York Bar No. 5748462
        601 D Street, NW
        Washington, D.C. 20530
        (202) 557-1490
        Nialah.Ferrer@usdoj.gov