UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Criminal No. 1:21-cr-00538-DLF |
| : | |
| **JACOB TRAVIS CLARK,** : | |
| : | |
| Defendant. : | |

# MOTION FOR RELEASE PENDING SUPREME COURT'S RESOLUTION OF *FISCHER v. UNITED STATES*

Jacob Clark, through counsel, respectfully moves this Court to release him from custody of the Bureau of Prisons at Oxford FCI until the resolution of *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). In support of his Motion, Mr. Clark states the following facts.[1]

On November 28, 2023, the Bureau of Prisons contacted Mr. Clark by phone and advised him that he must surrender by December 5, 2023 to Oxford, WI. On November 28, 2023, Mr. Clark filed a Motion to Stay Date of Self-Surrender which was granted on November 29, 2023. On December 4, 2023, the Bureau of Prisons contacted Mr. Clark by email informing him of that his new self-surrender date of January 3, 2023.

---

[1] The Government opposes this Motion for the reasons stated in its Opposition to the Motion to Stay.

Counsel has since learned that because Mr. Clark did not receive a new self-surrender date by December 4, 2023, he believed he needed to report to FCI Oxford by the original date. Though he received the email from the BOP on December 4, he had already arrived in Oxford, WI. By that time, Mr. Clark had already exchanged goodbyes with his daughter. Having learned that his new surrender date was January 3, 2024, Mr. Clark decided that he did not want to put his daughter through another emotional parting, or to pay for the cost of returning to Wisconsin a month later.[2]

On December 15, 2023, Mr. Clark filed a Second Motion to Stay Date of Self-Surrender based upon the Supreme Court's decision to grant cert in *Fischer*. ECF No 75. On December 21, 2023, this Court granted the Motion by Minute Order:

> Consistent with the government's [76] Response, the Court assumes without deciding that the defendant's motion is governed by 18 U.S.C. 3143(b) rather than the traditional stay factors enumerated in *Nken v. Holder*, 556 U.S. 418, 426 (2009). Under 18 U.S.C. 3143(b), "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal... [shall] be detained" unless the Court finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in... an order for a new trial [or] a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."
>
> In this case, the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. The defendant has not fled or endangered anyone during a lengthy period of pretrial release. Rather,

---

[2] Counsel did not learn that Mr. Clark had surrendered himself until the end of December 2023.

> for more than two years, he has complied with substantially all of his pretrial release conditions. The defendant's strong family ties and his other history and characteristics -- as discussed in the Court's lengthy sentencing hearing -- further indicate to the Court that release would not endanger the public or create a risk of flight.
>
> The Court also finds that the defendant's appeal "is not for the purpose of delay and raises a substantial question of law or fact likely to result in... an order for a new trial." A "substantial question" is one that is "close" or "that very well could have been decided the other way." *United States v. Adams*, 200 F. Supp. 3d 141, 144 (D.D.C. 2016) (quoting *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1988) (per curiam)). Here, the defendant's appeal raises several "close" questions, including whether 18 U.S.C. 1512(c) reaches conduct that does not involve the destruction of documents, records, objects, or other evidence. *Compare United States v. Reffitt*, 602 F. Supp. 3d 85, 98 (D.D.C. 2022), with *United States v. Fischer*, 64 F.4th 329, 371-83 (D.C. Cir. 2023) (Katsas, J., dissenting). And "resolution of [these] question[s] in" the defendant's favor would "be likely to lead to" a new trial, if not an outright dismissal of the applicable counts of the indictment, as -- among other things -- the indictment does not allege that the defendant engaged in any acts directed towards documents, records, or objects in the Capitol building. It does not matter that the Court also sentenced the defendant to a term of incarceration as to other, misdemeanor counts. Consistent with the Sentencing Guidelines, the Court's sentencing decision was driven by the defendant's felony conviction for violation of 18 U.S.C. 1512. If the defendant's felony conviction were reversed or vacated, the Court might well impose a different sentence.
>
> Accordingly, the defendant's Motion to Stay Self-Surrender Date is GRANTED. The defendant's date of voluntary surrender is DEFERRED pending resolution of *Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023), by the United States Supreme Court. Within seven (7) days of the issuance of an opinion in *Fischer*, the parties shall file a status report proposing a schedule for further proceedings and containing argument as to the effect of the ruling, if any, on the defendant's conviction and/or sentence.

On January 4, 2023, counsel was able to speak to Mr. Clark for the first time since he self-surrendered. Mr. Clark wishes to be released from custody in light of the longer stay granted by the Court and concerns about the well-being of his

daughter.  The Court has already applied the standard for release pending appeal in granting the Motion to Stay Date of Self-Surrender; *see also* Memorandum Opinion, *United States v. Adams*, 21CR354(APM). Nothing has changed to affect the Court's analysis – his Motion for Release Pending Appeal should thus be granted.[3]

## Conclusion

Mr. Clark respectfully requests that his he be released from custody of the Bureau of Prison on January 15, 2024.

>
> Respectfully submitted,
>
> A. J. KRAMER
> FEDERAL PUBLIC DEFENDER
>
> /s/
> _____
> EUGENE OHM
> Assistant Federal Public Defender
> 625 Indiana Avenue, N.W., Suite 550
> Washington, D.C.  20004
> (202) 208-7500

---

[3] Mr. Clark does not have the funds to return home at this time.  He expects that there will be money processed into his commissary on January 15, 2024 that he can use for a bus ticket.  As a result, he requests that the Order releasing him from custody be entered on January 15, 2024.