UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-538 (DLF) |
| | : | |
| JACOB TRAVIS CLARK, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE**

The United States of America respectfully opposes Defendant Jacob Travis Clark's Motion for Release (ECF No. 78), seeking release pending appeal in light of the Supreme Court's recent decision to grant *certiorari* in *United States v. Fischer*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). Regardless of the outcome in *Fischer*, the defendant cannot establish by clear and convincing evidence that he does not pose a danger to the community and is not a flight risk, and the defendant cannot show that there is any likelihood that the outcome in *Fischer* will result in a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

I. **BACKGROUND AND PROCEDURAL HISTORY**

The government outlined the background and procedural history in its initial response to the Clark's Motion to Stay Self Surrender (ECF No. 76). Since the government's initial response, the Court granted Clark's Motion to Stay Self Surrender (Minute Order 12/21/2023). However, in the interim, Clark elected to report to the Bureau of Prisons on or about December 4, 2023. ECF No. 78 at 1-2. Having served approximately seven weeks of his sentence, Clark now files the instant motion for release (ECF No. 78).

## II. LEGAL STANDARD

The defendant moves for release pending appeal under 18 U.S.C. § 3143(b). For the Court's convenience, the government reiterates the relevant legal standard here. *See* ECF No. 76 at 2.

Under 18 U.S.C. § 3143(b), a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

> (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and
> (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). The requirements for "reversal" and "an order for a new trial" encompass all counts, not just a single count. *United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1988) (explaining that defendants "cannot be released unless the appeal raises a substantial question likely to result in reversal of *all counts* on which imprisonment is imposed") (emphasis supplied). If a judicial officer finds that a defendant is eligible for release because the appeal is "likely" to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," the remedy is not immediate release; rather, "the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence." 18 U.S.C. § 3143(b)(1)(B). It is the defendant's burden to make the requisite showing under 18 U.S.C. § 3143(b)(1)(B). *Perholtz*, 836 F.2d at 555-56 (referring to "the required showing on the part of the defendant"); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007).

III.     ARGUMENT

Even assuming that the *Fischer* issue raises a "substantial question," the defendant fails to make the required showing for release.  In the context of Clark's prior motion, the Court found that he neither posed a danger to the community nor presented a risk of flight and noted Clark's compliance with the terms of his pretrial release (Minute Order 12/21/2023).  This calculation has changed, however.  *First*, Clark has now been incarcerated for several weeks.  He now knows the day-to-day reality of confinement in prison.  He has served less than two months of his thirty-three month sentence, leaving a significant period of time – just over than thirty one more months – still to serve in the future.  The prospect of this additional time may make it more likely that he flees rather than returning to prison.[1]

*Second*, Clark is an individual who has previously demonstrated his approval of violence to disrupt the peaceful transfer of power, *see* ECF No. 76 at 3, bragging that he helped "break down a door" and would "do it everyday they try to vote," ECF No. 54 at 10.  The risk of danger he poses to the community is therefore heightened in a year in which the country will experience what is likely to be another fiercely contested presidential election. The Court would be releasing defendant into the same political tensions and unrest that led him to commit his crimes in the first place.

---

[1] Clark would not be the first January 6 defendant to flee, abscond, or fail to appear while facing a significant charge (or set of charges) or sentence. *See, e.g.*, *United States v. Worrell*, 21-cr-292 (RCL), Dkt. 295 (defendant absconded after being initially detained and then released); *United States v. Bru*, 21-cr-352 (JEB), Dkt. 66, June 26-July 6, 2023 Minute Entries; *United States v. Burlew* (RDM), 21-cr-647 (RDM), Nov. 30, 2023, Dec. 8, 2023 Minute Entries; *United States v. Olivia Pollock and Joseph Hutchinson*, 21-cr-447 (CJN), Dkt. 208, Dkt. 210, March 6, 2023, April 6, 2023, May 19, 2023, August 7, 2023 Minute Entries; *United States v. Giustino*, 23-cr-00016 (JEB), September 29, 2023 Minute Entry; *United States v. Dennison*, 23-cr-00032 (TNM), June 5, 2023 Minute Entry; *United States v. Shawndale Chilcoat and Donald Chilcoat*, 22-cr-00299, September 5, 2023, September 9, 2023, October 5, 2023, October 6, 2023, October 13, 2023 Minute Entries.

Further, Clark cannot show that a reversal in *Fischer* (and a subsequent reversal in his case) is likely to lead to reversal, an order for a new trial, or a non-jail sentence on *all* counts, given that there are other counts of conviction not at issue in *Fischer*: Counts Two through Six.  Nor does defendant show that reversal in *Fischer* "likely" to lead to "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," given his five other counts of conviction.

Indeed, as this Court indicated in the sentencing hearing, Clark's criminal misconduct was egregious in nature and was considered as some of the worst behavior among the January 6 defendants who were sentenced before this Court and issues a sentence above the guidelines range. In its reasoning the court noted Clark's close proximity to very violent acts and his highly aggressive behavior towards officers inside the Capitol.

A decision holding that Clark's conduct may not be a violation of Section 1512(c)(2) does not change the Court's assessment. Given the broad question presented by *Fischer*, a myriad of possible rulings could occur—including numerous outcomes that would *not* undermine the defendant's conviction on Count One.  But even if the Supreme Court's ruling does reverse the conviction on Count One, it will not disturb Clark's convictions on five other counts, which carry an aggregate statutory maximum of four years. And, a reversal of the § 1512(c) conviction could increase the aggregate sentence on those remaining counts:

> [In cases] involv[ing] multicount indictments and a successful attack by a defendant on some but not all of the counts of conviction . . . the Government routinely argues that an appellate court should vacate the entire sentence so that the district court may increase the sentences for any remaining counts up to the limit set by the original aggregate sentence. And appellate courts routinely agree.

*Dean v. United States*, 137 S. Ct. 1170, 1176 (2017).  For example, the Court could find that, in light of the aggravating facts here, it is appropriate to run defendant's sentences on other counts consecutively.

In any event, the defendant was sentenced to 12 months' imprisonment on each of Counts Two, Three, and Four, and 6 months' imprisonment on each of Counts Five and Six.  None of these convictions are at issue in the *Fischer* appeal. A decision in *Fischer* is expected by June 2024, several months before the conclusion of the defendant's current 12-month sentence on Counts Two, Three, and Four, and a decision could be issued earlier.  Thus, even if the Court believes that it is "likely" that the defendant would be resentenced to 12 months or less, the remedy is not to release the defendant now, or to stay his incarceration entirely.  Instead —and unlike with release based on a reversal, likelihood of trial, or non-jail sentence—the statute directs the Court to order the defendant released only once he has served the amount of time he is likely to serve upon resentencing, not immediately. 18 U.S.C. § 3143(b)(1)(B) ("in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated *at the expiration of the likely reduced sentence*") (emphasis supplied).  Therefore, to release defendant based on the likelihood of a reduced sentence, the Court must calculate that reduced sentence, and defendant must still serve that amount of time before being released pending appeal.[2] *See, e.g.,* May 25, 2023 Order, *United States v. Brock,* D.C. Cir. Case No. 23-3045 (denying motion for release pending appeal in January 6 case where "the district court did not specifically address

---

[2] With respect to this particular defendant, in the absence of a conviction on Count One, the government submits that grouping analysis for the remaining counts is altered, such that the remaining counts form two groups, the offense levels of which are "equally serious" pursuant to U.S.S.G. § 3D1.4, resulting in an additional two-level increase in total offense level.

5

what appellant's "likely reduced sentence" would be if his conviction under 18 U.S.C. § 1512(c) is reversed. Nor has appellant made that showing…").

This is the procedure that was followed in *United States v. Adams*, 21-cr-354-APM (ECF No. 85) and *United States v. Sheppard*, 21-cr-302-JDB (ECF No. 142), two cases involving defendants convicted of violations of § 1512(c)(2) for their conduct on January 6, 2021. In those cases, the court granted the defendant's motions for bail pending appeal.[3] However, Clark is distinguishable from Adams and Sheppard. For one, while a violation of § 1512 was the only felony conviction for each defendant, Adams and Sheppard received sentences that were significantly shorter than Clark's – 14 months (*Adams*) and 19 months (*Sheppard*) – and were the result downward variances from the Guidelines range that the Court had calculated. *See Sheppard*, 21-cr-203, ECF No. 142 at 7; *Adams,* 21-cr-354, ECF No. 85 at 4. In particular, in *Sheppard*, Judge Bates considered the defendant's youth, his lack of maturity, the absence of any violent or destructive conduct, his history with his family and the community, and some truthful, candid testimony he offered at trial. *Sheppard*, 21-cr-203, ECF 142, at *7. In *Adams,* Judge Mehta credited factors including "the obstacles [Adams] overcame in life." *Adams,* ECF No. 85, at 6. In contrast, in sentencing Clark, this Court varied upwards, citing his aggressive behavior. Indeed, as discussed, Clark approved of violent action in his posts, ignored warnings and even encouraged rioters to enter the Capitol, ignored physical damage to the building and the presence of riot police, and continued to participate in the riot despite the violence around him.

In addition, Adams was convicted of only two counts – a violation of 18 U.S.C. § 1512(c)(2) and a violation of 18 U.S.C. § 1752(a)(1) – which meant that any re-sentence upon

---

[3] While the government respectfully disagrees with the ultimate decisions in *Adams* and *Sheppard*, both decisions provide a framework considering motions for release pending appeal.

a reversal of the § 1512(c)(2) conviction was capped at 12 months. Adams began serving his sentence on August 5, 2023, *Adams,* ECF No. 85, at 1, and therefore could have been approaching the upper limit of his sentence by the time *Fischer* is decided. Here, however, Clark's remaining convictions include five separate misdemeanors, the sentences on which could be served consecutively such as to form a total sentence of incarceration of 4 years. As outlined above, in the event of a reversal on the § 1512 conviction, the government could seek a sentence that reflects the defendant's conduct, including his intention to obstruct Congress during a Joint Session to certify the next democratically-elected President of the United States and his eager participation in a violent and dangerous disruption of the peaceful transfer of power. Judge Kelly recognized this significant aggravating factor as a grounds for an upward variance at a recent sentencing, commenting, that, even if the defendant's § 1512 conviction were reversed,

> wouldn't I be entitled to vary upward? Because of there was no offense that would capture for guideline purposes . . .an attempt to obstruct the proceeding . . . even if it doesn't meet 1512, . . . it would be almost crazy if I didn't, in my view, vary up significantly . . .it's still, I think we can agree, very bad – a very bad thing if someone tried to obstruct [the Congressional] proceeding. That would be fair game for me to vary quite a bit upward and say we've got to capture that – we've got to capture for deterrence purposes, for all the other 3553(a) factors, we've got to capture that somehow.

*United States v. Gilbert Fonticoba*, 21-cr-638 (TJK) Sentencing Tr. at 48:6 - 19 (Jan. 11, 2024).

For all these reasons, the defendant's motion for release should be denied.

                                    Respectfully Submitted,

                                    MATTHEW M. GRAVES
                                  UNITED STATES ATTORNEY
                                  D.C. Bar No. 481052

By:        /s/ Nialah S. Ferrer
                                  NIALAH S. FERRER
                                  Assistant United States Attorney
                                  New York Bar No. 5748462
                                  United States Attorney's Office
                                  District of Columbia
                                  (202) 557-1490
                                  nialah.ferrer@usdoj.gov