UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACOB CLARK,<br><br>              Defendant. | Crim. Action No. 21CR538(DLF) |

**MOTION FOR RELEASE PENDING APPEAL**

Jacob Clark, through counsel, respectfully moves this Court to release him from custody of the Bureau of Prisons at Oxford FCI until the resolution of *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

Circumstances have changed since this Court denied Mr. Clark's Motion for Release Pending Appeal. Mr. Clark has earned significant credits under the First Step Act and will be eligible for halfway house and have served the length of his expected sentence, before he expects a decision in *Fischer* to be rendered[1].

**Relevant Background**

Pursuant to a stipulated trial agreement, Jacob Clark was convicted of one count of obstruction of justice, in violation of 18 U.S.C. § 1512 and five misdemeanor offenses relating to the breach of the U.S. Capitol on January 6, 2021. On October

---

[1] The Court has stated that it has not sentenced any individual to consecutive time in January 6th cases and does not intend to do so here, if Mr. Clark prevails on appeal.

27, 2023, the Court sentenced Mr. Clark to 33 months of incarceration.[2] Applying USSG § 2J1.2, the Court varied downward from the calculated guideline range.

Mr. Clark requested a delay in his self-surrender. Dkt. 75. The Court granted the motion but due to a series of unfortunate circumstances, Mr. Clark surrendered to FCI Oxford anyway. Mr. Clark then filed a Motion for Release Pending Appeal. Dkt. 78. The Court denied his Motion for Release Pending Appeal noting that, were the *Fischer* decision to go Mr. Clark's way, it was inclined to sentence him above his anticipated 0-6 month Guidelines range without the 1512 conviction.

Mr. Clark files this new motion for release pending appeal based on two changed circumstances: (1) his increased understanding of how BOP home incarceration/halfway house placement works, and (2) the FSA earned time credit he has accrued in the last four months.

## Argument

A court "shall order the release" of an individual pending appeal if it finds:

(A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
   (i)   reversal,
   (ii)  an order for a new trial,
   (iii) a sentence that does not include a term of imprisonment, or

---

[2] In doing so, the Court applied USSG §2J1.2. Several months later, the D.C. Circuit held that the term "administration of justice" under USSG §2J1.2 does not apply to the legislative process of certifying electoral votes. *United States v. Brock*, 94 F. 4th 39 (D.C. Cir. March 1, 2024). This Court announced that it would have reached the same sentence regardless of application of USSG §2J1.2.

    (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Perholtz*, 836 F.2d 554, 555, 557 (D.C. Cir. 1987). Mr. Clark's release is required because all of the statutory criteria are met.

### A. There is no flight or safety risk

As the Court has previously found, Mr. Clark's behavior and flawless compliance on pretrial release for almost three years demonstrates, by clear and convincing evidence, that he will not flee and is not a safety risk. Indeed, the Court stated as much when it permitted Mr. Clark to self-report to his sentence. His close ties to his adolescent daughter, for whom he is the primary caregiver, underscores that he will neither flee nor poses a safety concern because doing so would create risk to her. There can be no question that this prong is satisfied.

### B. The appeal raised a substantial question and therefore is not designed to create delay.

The driving force behind Mr. Clark's sentence is the 1512 case, which the Supreme Court will review. There is no doubt that his appeal raises a substantial question and is not designed to create delay.[3]

---

[3] Moreover, *United States v. Brock* indisputably changes Mr. Clark's sentencing guideline range by invalidating the application of two enhancements the Court applied over objection. While the Court made clear that its sentence would have been the same notwithstanding application of USSG 2J1.2, the guideline range was a "starting point" for the Court and could well have had some subtle impact on Mr. Clark's sentence.

### C. Resolution of this substantial question in Mr. Clark's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes.

Resolution of Mr. Clark's appeal would result in a reduced imprisonment sentence that would expire before his appeal does.

BOP policy is to begin reentry with approximately six months left in a defendant's sentence, usually through the form of halfway house placement or home confinement. Release to a halfway house or home confinement can occur with one year left in a person's sentence. Release at the six-month mark, though not officially guaranteed, is standard practice. Mr. Clark's Guidelines range without the 1512 conviction is 0-6 months, and Mr. Clark reported to BOP on December 4, 2023. Thus, assuming Mr. Clark were to receive an above Guidelines sentence of nine months, he would be eligible for home confinement as of today since he has served over four months. And, if he were sentenced to statutory maximum of twelve months, he would be likely to receive home confinement by June 4, 2024. This Court should, thus, consider releasing Mr. Clark to home confinement pending his appeal.

Mr. Clark's earned and expected FSA credit also provide an independent justification for release pending appeal. Specifically, Mr. Clark has earned 55 days of FSA credit in the four months since he first reported on December 4, 2023 (for an average of about 12 days month). Assuming Mr. Clark continues to earn credit at the rate he has, if he were to receive an above-Guidelines sentence of approximately 9 months, he could expect to be released in the next two months even without community reentry placement, or shortly before *Fischer* is expected to be decided.

4

Even if this Court were inclined to sentence Mr. Clark to a year plus one consecutive day, he could expect to be released in three and a half months including good time credit.[4]  This would be after *Fischer* is expected to come down, but before Mr. Clark's appeal is likely to conclude.  Mr. Clark's notice of appeal was filed in November 2023.  The current median time from the filing of the notice of appeal to disposition in the D.C. Circuit is over 11 months[5]—but this time is likely to be extended in light of the appeals that will be filed due to the *Brock* opinion alone.  Indeed, appellate counsel at the Federal Public Defender Office have cautioned that there is a "backlog" of appeals due to all of the January 6 cases. Thus, the typical time for an appeal in this district is in the process of increasing significantly. This Circuit must handle several hundred additional January 6 appeals beyond its typical workload.  Thus, there is a substantial likelihood that Mr. Clark's appeal will not be resolved before he serves a reduced sentence.   If this Court's anticipated sentence is twelve months and a day, release is appropriate in approximately three and a half months.

---

[4] Normally BOP defendants accrue a maximum of 54 days credit per year.  But Mr. Clark has lost 27 days of credit because of a fight that he became involved in after he was attacked by White supremacists who were angry that he shared his phone time with a person of color.  Thus, Mr. Clark can only expect to receive 27 days of credit (54 days – 27 days = 27 days).  The math works out as follows:  188 days (current time served/accrued) + 108 days (~3.5 months additional time served) + 42 days (additional earned time credit from ~3.5 months) + 27 (good time credit)) = 365 days.

[5] U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), *available at* https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf

## Conclusion

For the foregoing reasons and any others that appear to the Court, Mr. Clark should be released pending appeal.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500