UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 21-CR-538 (DLF) |
| JACOB TRAVIS CLARK, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO COURT'S MINUTE ORDERS**
**RE: *FISCHER V. UNITED STATES***

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's Minute Orders of April 30, 2024 and June 28, 2024 directing the parties to (1) propose a schedule for further proceedings and (2) address the effect of *Fischer v. United States*, 603 U.S. ___ (2024), on the defendant's conviction and/or sentence.

A hearing to address further proceedings has been scheduled for July 15, 2024, at 10:00 a.m. As set out below, the government respectfully requests that the Court defer further proceedings on the merits, including resentencing, until the court of appeals disposes of the defendant's direct appeal and remands the case to this Court. Until then, the pendency of the defendant's appeal divests this Court of jurisdiction over the issues currently before the court of appeals, including the validity of the defendant's conviction under 18 U.S.C. § 1512(c)(2) and his sentence. In addition, the defendant has failed to make either of the showings required for release pending appeal under 18 U.S.C.§ 3143(b)(1). He has shown neither "clear and convincing evidence that [he] . . . is not likely to . . . pose a danger to the safety of" the community, *id.*

§ 3143(b)(1)(A), nor that his appeal is "likely to result" in reversal or a new trial on *all* counts or

a reduced sentence shorter than the time already served plus the expected duration of the appeal

process, *id.* § 3143(b)(1)(B).

## BACKGROUND

As more fully set forth in the government's sentencing memorandum (ECF No. 54), Clark

traveled to Washington, D.C. on January 6th to prevent Congress from certifying the results of the

2020 Presidential Election. He was among the first group of rioters to breach the Capitol – entering

the Senate Wing doors at approximately 2:14 p.m. – and ultimately made his way into the Senate

Gallery before exiting the building at 3:53 p.m. During his time in the Capitol, Clark's actions

included throwing an object at officers inside the Crypt, encouraging other rioters to move deeper

into the building, and taking a fighting stance towards an officer guarding the Senate Gallery doors.

After he left the Capitol building, Clark bragged to others via text messages about his unlawful

escapade, sending pictures and saying, "I helped break down the door," "I was the first one in the

chamber," "We took the whole thing. They had to evacuate."

Clark was charged on August 25, 2021 (ECF No. 21) on six counts: (1) Obstruction of an

Official Proceeding, 18 U.S.C. §§ 1512(c)(2) and 2; (2) Entering and Remaining in a Restricted

Building or Grounds, 18 U.S.C. § 1752(a)(1); (3) Disorderly and Disruptive Conduct in a

Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2); Engaging in Physical Violence in a

Restricted Building or Grounds, 18 U.S.C. § 1752(a)(4); (5) Disorderly Conduct in a Capitol

Building, 40 U.S.C. § 5104(e)(2)(D); and (6) Parading, Demonstrating, or Picketing in a Capitol

Building, 40 U.S.C. § 5104(e)(2)(G).

After a bench trial on stipulated facts, on January 30, 2023, this Court found the defendant guilty on all counts. (ECF No. 43 (1/30/2023 Minute Entry)). On October 27, 2023, this Court sentenced Clark to 33 months of incarceration, to be followed by 12 months of supervised release. (ECF No. 70). On November 9, 2023, Clark filed an appeal of his conviction and sentence (ECF. 72), which remains pending. Clark surrendered to the Bureau of Prisons (BOP) on December 4, 2023.  According to BOP, Clark's projected release date is February 6, 2026.

## ARGUMENT

In the intervening months, *Fischer* was litigated through the D.C. Circuit and ultimately the Supreme Court, which issued its decision on June 28, 2024. In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Op. 8. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may or may not include circumstances like the instant case, where the defendant intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See* Op. 16 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 8 (Jackson, J., concurring) ("And it might well be that

Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding"); *see also* ECF No. 154, at 3-10 (sentencing memo summarizing the evidence against the defendant as it relates to voting on January 6).

Given the remand to the Circuit and the ongoing litigation in *Fischer*, the government is still evaluating *Fischer's* impact on this and other January 6 cases. At this point, the government is prepared, however, to take the following positions in response to the Court's April 30, 2024, and June 28, 2024, show-cause orders.

1.      To the extent the Court is considering further merits proceedings in light of *Fischer* or a potential resentencing, such proceedings are respectfully premature. As this Court is aware, the defendant has appealed his conviction and sentence. *See* ECF No. 72; November 15, 2023, Order noting U.S.C.A. Case No. 23-3210. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see, e.g.*, *United States v. Hallford*, 816 F.3d 850, 855 n.4 (D.C. Cir. 2016) (quoting same). And "[t]he district court does not regain jurisdiction over those issues until the court of appeals issues its mandate." *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997). Accordingly, at this juncture, the Court lacks jurisdiction to reconsider the validity of the defendant's conviction or proceed to resentencing.

2.      In contrast, this Court does retain jurisdiction to reconsider the more limited question of release pending appeal under 18 U.S.C. § 3143(b). As explained below, however, the

defendant does not meet the requirements for that relief.

Under 18 U.S.C. § 3143(b)(1), a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds, *inter alia*, that two separate requirements are met:

> (A) . . . clear and convincing evidence that the person is not likely to . . . pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) the appeal . . . raises a substantial question of fact or law likely to result in— (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The requirements for "reversal" and "an order for a new trial" encompass all counts, not just a single count. *United States v. Perholtz*, 836 F.2d 554, 557 (D.C. Cir. 1988) (explaining that defendants "cannot be released unless the appeal raises a substantial question likely to result in reversal of *all counts* on which imprisonment is imposed") (emphasis supplied). If a court finds that a defendant is eligible for release because the appeal is "likely" to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," the remedy is not immediate release; rather, "the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence."  18 U.S.C. § 3143(b)(1)(B).  It is the defendant's burden to make the requisite showing under 18 U.S.C. § 3143(b)(1)(B).  *Perholtz*, 836 F.2d at 555-56 (referring to "the required showing on the part of the defendant"); *United States v. Libby*, 498 F. Supp. 2d 1, 3 (D.D.C. 2007).

5

The defendant does not meet either of the requirements quoted above.  As to the first, the government acknowledges that, in an earlier motion to delay self-surrender, the Court found, in December 2023, that the defendant did not at that point pose a danger to the community. (12/21/2023 Minute Order).  At this stage, however, the calculus has changed.  Clark is an individual who has previously demonstrated his approval of violence to disrupt the peaceful transfer of power, *see* ECF No. 76 at 3, bragging that he helped "break down a door" and would "do it everyday they try to vote," ECF No. 54 at 10.  And now, differently from December 2023, the country approaches the final months of what is likely to be another fiercely contested presidential election. If the defendant is released, the Court would be releasing him into the same volatile political climate and unrest that led him to commit his crimes in the first place. That prospect distinguishes the current circumstances from the circumstances of last December. And it presents an unacceptable risk to the safety of the community.  At this juncture, therefore, the defendant's "representation[s], standing alone, [are] insufficient to rebut the presumption of custody." *United States v. Guy Reffitt*, 21-cr-32-DLF, ECF No. 182, at 6.  In any event, we appreciate and respect the Court's prior finding, to the extent it is dispositive for this prong.

As to § 3143(b)'s second requirement, assuming that the Supreme Court's recent decision in *Fischer* raises a "substantial question" likely to result in the reversal or new trial as to Clarks' Section 1512(c) count, he still cannot make the requisite showing that *Fischer* is likely to result in (i) a reversal or new trial on *all* counts; or (ii) a reduced sentence such that the defendant's remaining prison time is less than the time needed to resolve his appeal. The government will analyze those two prongs in turn.

To the extent Clark relies on the likelihood that *Fischer* might result in "reversal" or a "new trial," his reliance fails as a matter of law. As noted above, under those rubrics, defendants must establish a likely reversal or new trial on *all* counts—not just *any* count. *Perholtz*, 836 F.2d at 557. And the Supreme Court's recent decision in *Fischer* casts no doubt on the continued validity of Clark's convictions on the remaining five counts.

Nor can Clark make the alternative showing that, without his conviction on Count One, he is likely to receive a reduced sentence such that his remaining prison time is less than the time needed to dispose of his appeal. For one thing, as this Court already anticipated, there is reason to believe that the Circuit will be able to promptly resolve Clark's appeal. (4/30/2024 Minute Order). Clark's *Fischer* claim is likely to be the only claim presented on appeal—indeed, preserving that claim, and only that claim, was the whole point of Clark's decision to enter into a stipulated bench trial. We acknowledge that Clark's *Fischer* claim will require the Circuit to assess Clark's conviction against the legal standards announced in *Fischer* (and possibly assess the harmlessness of any legal error).

On the other side of the scale, even assuming that Clark's conviction is vacated, Clark's remaining prison time after resentencing is unlikely to be less than the limited time needed to complete Clark's appeal. The defendant was sentenced to 12 months' imprisonment on each of Counts Two, Three, and Four, and 6 months' imprisonment on each of Counts Five and Six. None of these convictions implicate the Supreme Court's ruling in *Fischer*. And, to date, Clark has served a little over seven months on those counts. Indeed, as recently as April 30, 2024, this Court expressly rejected another request to release Clark pending appeal, finding that the Court "would

likely sentence the defendant to *at least* eight months of incarceration, *and possibly more*, were his appeal of his conviction under 18 U.S.C. 1512 to resolve in his favor." (4/30/2024 Minute Order (emphasis added)). The same considerations and logic continue to weigh against Clark's release pending appeal at this point, especially considering the seriousness of Clark's conduct on (and relating to) January 6, 2021.[1] In light of the Court's prior ruling, the defendant has at least one additional month to serve under an assumed, post-*Fischer* sentence (and possibly more). To the extent the Court reconsiders its prior ruling, we seek appropriate conditions upon release to ensure the safety of the community.

* * *

As the Court is aware, the government is not reflexively opposing release pending appeal in all cases involving claims under *Fischer*. *See United States v. Calhoun*, 1:21-cr-00116-DLF, ECF No. 200 (D.D.C. July 1, 2024) (acquiescing in release pending appeal based on *Fischer* based on case-specific considerations). To the contrary, in each case, the government is undertaking a careful, case-specific review of § 3143(b)(1)'s statutory requirements and factors that accounts for each defendant's individual risk of flight, his risk of recidivism, his likelihood of success under *Fischer*, and the likely sentence reduction (if any) on remand. After careful consideration, the

---

[1] With respect to this particular defendant, in the absence of a conviction on Count One, the government submits that grouping analysis for the remaining counts is altered, such that the remaining counts form two groups, the offense levels of which are "equally serious" pursuant to U.S.S.G. § 3D1.4, resulting in an additional two-level increase in total offense level. Moreover, at any resentencing, the Court would have discretion to order the terms of imprisonment on Clark's remaining counts to run consecutively, if necessary to effect an appropriate sentence under the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3584.

government has concluded that, in this case, these circumstances make Clark ineligible for release

pending appeal. We respectfully urge the Court to reach the same conclusion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

*/s/ Barry K. Disney*
BARRY K. DISNEY
Trial Attorney – Detailee, Capitol Siege Section
Kansas Bar No. 13284
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Office:  202-305-4367
Email:  Barry.Disney@usdoj.gov

9