UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACOB CLARK,<br><br>            Defendant. | Crim. Action No. 21CR538(DLF) |

**RENEWED MOTION FOR RELEASE PENDING APPEAL**

Jacob Clark, through counsel, respectfully moves this Court to release him from custody of the Bureau of Prisons at Oxford FCI pending resolution of his appeal.

Circumstances have changed since this Court denied Mr. Clark's Motion for Release Pending Appeal. *Fischer v. United States*, 603 U.S. ___, 2024 WL 3208034 (June 28, 2024), has been decided in Mr. Clark's favor. Also, as of this Court's hearing on July 15, 2024, Mr. Clark served 7 months and 11 days imprisonment. Furthermore, Mr. Clark has earned significant credits under the First Step Act (60 days as of the end of June and 75 days as of July 8, 2024)[1]. Thus, under BOP calculations, by the time of this Court's hearing, he will have served the length of his expected sentence. Release pending appeal is, accordingly, appropriate.

---

[1] This calculation does *not* include good time credits, which are different and which defendants are eligible for only if they receive a sentence of a year and a day or longer.

## Relevant Background

Pursuant to a stipulated trial agreement, Jacob Clark was convicted of one count of obstruction of justice, in violation of 18 U.S.C. § 1512 and five misdemeanor offenses relating to the breach of the U.S. Capitol on January 6, 2021. On October 27, 2023, the Court sentenced Mr. Clark to 33 months of incarceration.[2] Applying USSG § 2J1.2, the Court varied downward from the calculated guideline range.

## Argument

A court "shall order the release" of an individual pending appeal if it finds:

(A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
   (i)   reversal,
   (ii)  an order for a new trial,
   (iii) a sentence that does not include a term of imprisonment, or
   (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also United States v. Perholtz*, 836 F.2d 554, 555, 557 (D.C. Cir. 1987). Mr. Clark's release is required because all of the statutory criteria are met.

---

[2] In doing so, the Court applied USSG §2J1.2. Several months later, the D.C. Circuit held that the term "administration of justice" under USSG §2J1.2 does not apply to the legislative process of certifying electoral votes. *United States v. Brock*, 94 F. 4th 39 (D.C. Cir. March 1, 2024). This Court announced that it would have reached the same sentence regardless of application of USSG §2J1.2.

As the Court has previously found, Mr. Clark's behavior and flawless compliance on pretrial release for almost three years demonstrate, by clear and convincing evidence, that he will not flee and is not a safety risk. The mere existence of a forthcoming election is not a reason not to release Mr. Clark[3], and this Court remains at liberty to include, as a condition of release, that Mr. Clark stay away from Washington, DC.

There is also no doubt that Mr. Clark's appeal of his § 1512(c)(2) conviction raises a substantial question and is not designed to create delay. The driving force behind Mr. Clark's sentence is the § 1512 conviction, which the Supreme Court said in *Fischer* applies only to actions by the defendant that impair the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding. Opinion at 9, 16. The government suggests there may be some way to salvage Mr. Clark's conviction notwithstanding *Fischer*, citing Justice Jackson's concurrence. However, that concurrence did not receive the votes of even one other justice, and there is exactly zero evidence from Mr. Clark's bench trial that he took or attempted to take any actions with respect to documents or other evidence to be used in an official proceeding.

Finally, resolution of Mr. Clark's appeal would result in a reduced imprisonment sentence that will expire before his appeal does. Without the § 1512(c)(2) conviction, which must be vacated in light of *Fischer*, Mr. Clark's

---

[3] It is worth noting, furthermore, that Mr. Clark will have served the statutory maximum of 12 months well before the November election. Even if there was something to the idea that detention is appropriate through the election—and there most certainly is not—it would not achieve the desired effect in Mr. Clark's case.

guidelines range is 0-6 months. Mr. Clark reported to BOP on December 4, 2023. As of this Court's hearing on 7/15, Mr. Clark will have served 7 months and 11 days—above his guidelines range.

Furthermore, Mr. Clark has used his time behind bars well, and has received 75 days of earned time credit. Earned time credit is not to be confused with good time credit. Good time credit accrues when an inmate does not get prison violations, and defendants are only eligible for it if they have received a sentence of over a year. Earned time credits are different. A defendant receives earned time credit when he participates in designated BOP programs.[4] Defendants are eligible for earned time credits regardless of the length of their sentence. As of July 8, Mr. Clark has earned 75 days of earned time credit. As of August 8, he will have earned 90 days.

In most cases undersigned counsel is involved with, government has requested additional time in to evaluate the impact of *Fischer* before they can agree that those convictions must be vacated.[5] Undersigned counsel respects the need for the government to reach a uniform and thoughtful conclusion about *Fischer*, but its import could not be clearer. Because Mr. Clark took no actions with respect to a document or other evidence, he cannot be convicted under § 1512(c)(2), that conviction must be vacated, and he must be resentenced.

This Court has indicated it will sentence Mr. Clark to "eight months of incarceration" and possibly more. *See* 4/30/2024 Minute Order. If Mr. Clark were

---

[4] A defendant also receives credit where he attempts to participate in such programs, but his facility fails to offer them.
[5] In one case undersigned counsel is involved with, the government has agreed to dismiss the § 1512 count. Mr. Clark, of course, would welcome such a decision by the government.

before this Court for resentencing and he were to receive an above guidelines sentence of 8 or 9 months, he would be released by BOP immediately; if he were to receive an above guidelines sentence of 10 months, he would be released within days;[6] and if he were to receive a sentence of 12 months, he would be released by late-August or early September.  In fact, as noted in a prior motion, BOP policy is to begin reentry with approximately six months left in a defendant's sentence, usually through the form of halfway house placement or home confinement.  So, with any sentence Mr. Clark were to receive, he would likely be released from prison immediately to home confinement or a halfway house.

Given the amount of time the government continues to ask for to evaluate *Fischer* (30 days in some of undersigned counsel's cases, 60 days in others) and the procedural hurdles that must be cleared before this case is likely to be back before the Court for resentencing (the government and defense would need to agree that the § 1512(c)(2) count should be vacated, the circuit would then need to act on a joint motion, etc.), release pending appeal is appropriate.

Mr. Clark, therefore, requests that he be released pending appeal immediately on standard supervised release conditions or, barring that, released immediately to home confinement.

---

[6] If Mr. Clark were sentenced to 12 months and a day, he would similarly be eligible for release in the very near future because of the good time credit he has received.

## Conclusion

For the foregoing reasons and any others that appear to the Court, Mr. Clark requests that his motion for release pending appeal be granted.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

 Courtney L. Millian
COURTNEY L. MILLIAN
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500