UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v.  : | Criminal No. 1:21-cr-00538-DLF |
| JACOB TRAVIS CLARK, : | |
| Defendant. : | |

### DEFENDANT JACOB CLARK'S RESPONSE TO THE COURT'S MINUTE ORDER OF OCTOBER 15, 2024.

Jacob Clark, through counsel, responds to the Court's October 15, 2024 order.

The Government's representations are false and misleading. On September 10, 2024, the Defense, at the request of Mr. Clark, contacted the BOP paralegal at FCI-Oxford and requested the new release date, in light of his vacated conviction under 18 U.S.C. § 1512(c)(2). The department head of Correctional Systems advised that when a charge is vacated, that the court would need to send a copy of the order to the Designation and Sentence Computation Center, who would update the Sentence Computation. Counsel passed those directions along to chambers on September 11, 2024, with FCI Oxford's instructions to fax the court order to the BOP's Computation Center. On September 16, 2024, counsel sent a follow up email to the BOP, also attaching this Court's original Judgment and the D.C. Circuit's Mandate. Defense counsel had no additional communication with the BOP.

After the filing of the government's accusatory status report, counsel reached out to the government to request a phone call, to understand why the government attorney had jumped to false conclusions. The prosecution refused to entertain a phone call, claiming that a call would be "unproductive" and asserting that its "implications and insinuations … were not the basis for [its] filing." Notably, the government does not explain what about BOP's calculated release date was

incorrect, despite its access to the BOP, as an agency under the Department of Justice. The government does claim, incorrectly, that Mr. Clark has a 33-month sentence. Mr. Clark *had* a 33-month sentence on his § 1512(c)(2) conviction. *See* Judgment, ECF 70 (noting sentence of 33 months on Count 1). However, he no longer has a § 1512(c)(2) conviction. *See* Mandate, ECF 97-1 (vacating conviction). Mr. Clark has only 12- and 6-month concurrent sentences on his remaining convictions, all of which are misdemeanors. *See* Judgment, ECF 70 (noting sentences of 12 months on Counts 2-4, and 6 months on Counts 5-6, all to run concurrently).

So far as the Defense can tell, BOP got Mr. Clark's release date right. As of July 16, 2024, Mr. Clark had served 7 months and 14 days of time and had 60 days of FSA credits. *See* BOP Sentence Monitoring Data, ECF 96-1. When Mr. Clark was released on September 17, 2024, he had served an additional two months of time—meaning he'd served approximately 9 and a half months—and likely earned approximately 20-30 additional earned time credits on top of the 60 he'd already earned.[1] That's somewhere between 12 months and 5 days and 12-and-a-half-months of time. In other words, if anything, Mr. Clark served slightly *more* time than his remaining 12-month concurrent sentences.

The government faults defense counsel for not explaining to BOP that while Mr. Clark's appeal was pending, this Court denied release pending appeal. The government fails to explain how this denial of release pending appeal is relevant when Mr. Clark is no longer on appeal.[2] Nor has it

---

[1] First Step Act Earned Time Credits Rule Explainer, FAMM, https://famm.org/wp-content/uploads/2022/01/First-Step-Act-Earned-Time-Credits-Rule-Explainer.pdf (explaining that inmates can earn 10 days of credit for every 30 days except those who are low risk can earn 15 days for every 30 days).

[2] The Court's decision was premised on the fact that, under the release pending appeal statute, it believed it could not consider Mr. Clark's earned time credit. Nothing about that decision implied that, once Mr. Clark's case was no longer on appeal, those earned time credits would not affect Mr. Clark's release date. Indeed, Defense counsel explained to government appellate counsel that it would seek a remand rather than litigate additional issues on appeal because Defense counsel was concerned Mr. Clark would end up overserving his non-1512 sentence if he remained on appeal.

explained why it is relevant to whether Mr. Clark should have served time beyond his sentence 12-month sentence, accounting for the FSA credits that he undisputedly earned.

Defense counsel routinely follow-up with the Department of Corrections and the Bureau of Prisons, on behalf of their clients, to ensure proper calculations and timely release after a conviction is lawfully vacated. This is because the BOP and the Marshals Service routinely fail to properly communicate judicial action when it comes to the release of defendants. The government should apologize for insinuating that defense counsel's actions to prevent Mr. Clark's overincarceration were somehow inappropriate.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Eugene Ohm
Courtney Millian
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

---

Government counsel at no point disagreed with this. It cannot be surprised that Mr. Clark was released soon after remand because defense counsel explained this would happen.