UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | No. 21-CR-538 (DLF) |
| v. | : | |
| | : | |
| **JACOB TRAVIS CLARK,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER

The United States of America, by and through counsel, respectfully submits this brief reply to the Defendant Response to the Court's Order (Minute Entry 10/15/2024). The government's initial motion was not intended to be "accusatory," but in light of the Defendant's defensive pleading, the following reply is necessary:

The government was unaware of any communications from defense counsel to BOP and chambers until *after* the defendant was released, which prompted its motion for a status hearing. And the government's factual basis for its motion (ECF No. 103) is accurate. As defense counsel confirmed in their response, Clark requested his release from BOP without an order or a new judgment from this Court. *See* ECF No. 104 at 1. Nor could he have provided BOP with such support, as this Court did not resentence the defendant before his release, nor order the defendant's release pending resentencing. While the Court indicated that it would likely sentence the defendant to 12 months' imprisonment upon resentencing (Minute Order 07/26/2024), it did not order his immediate release after he finished serving the term of his "likely sentence." It also did not render a new judgment. In fact, this Court stated that it would consider "at any future resentencing the same aggravating and mitigating factors it took into account at sentencing, as well as the defendant's post-sentencing conduct." *Id.* It is clear from the Court's Minute Order, that the

defendant was denied release and the Court would resentence him after a decision was made in *Fischer*. Moreover, the Court of Appeals mandate did not address release or detention status. No different than a drug or firearms defendant whose conviction may be reversed or vacated by an appellate court, but who remains detained pending further action by the trial court, no person is just innately released from custody without a court order. Opposing counsel must reasonably know this to be legally accurate and the response suggests, at best, a misunderstanding of the operative legal procedures.

In this case, the defendant previously filed multiple motions for release (ECF Nos. 78 and 90) and should have done so in this circumstance. This would have allowed the parties to present arguments to the Court regarding the defendant's release and whether Clark should be held pending resentencing or trial. However, the defendant did not inform the Court of his actions until his recent response to the government's motion, when the government – by happenstance – learned that the defendant had been released from custody. This Court should have been given the opportunity to reevaluate the defendant's conduct, consider any arguments from the parties regarding his release, and make a decision regarding his release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   */s/Nialah S. Ferrer*
NIALAH S. FERRER
Assistant United States Attorney
New York Bar No. 5748462
601 D Street, NW
Washington, D.C. 20530
(202) 557-1490
Nialah.Ferrer@usdoj.gov