UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-CR-538 (DLF) |
| | : | |
| **JACOB TRAVIS CLARK,** | : | |
| | : | |
| **Defendant.** | : | |

## JOINT STATUS REPORT

The parties submit this joint status report in response to the Court's Minute Order on October 21, 2024. In that order, the Court directed the parties to do the following: (1) inform the Court whether the defendant intends to (a) file a motion under 18 U.S.C. § 3142 seeking pretrial release pending trial, in which case he shall file the motion on or before October 27, 2024; or (b) resolve the charges in the superseding indictment by plea and proceed to a final resentencing; and (2) inform the Court whether the defendant had in fact served the equivalent of a 12-month sentence, taking into consideration the factors under 18 U.S.C. § 3632(d), when the defendant was released by BOP on September 17, 2024. The parties, accordingly, so do.

On the motion for pretrial release, Mr. Clark intends to file one by the Court's deadline of October 27, 2024.

Regarding the potential for a resolution by way of plea agreement, the government extended a plea offer on October 23, 2024, which expires on November 7, 2024. The government produced additional discovery to the defendant related to the new offenses alleged in the superseding indictment. The parties are in active discussions about a plea at this time.

As to the time the defendant has served, the government contacted the Bureau of Prisons (BOP) regarding the credits earned by the defendant while in BOP custody. Based on the records

provided by BOP, the defendant served 9 months and 15 days and had 76 days of FSA credits at the time of his release which would roughly equate to 12 months.

The government's position on next steps remains the same as it was on the last status hearing – the case should proceed in a trial posture and the defendant should remain remanded for further trial proceedings. The government reserves further argument for motion practice. If the Court intends on scheduling a resentencing in this matter, the government respectfully asks for 60 days to prepare memoranda and request an updated PSR.

Defense counsel's position, respectfully, remains the same as well.  In its view, BOP does not have the authority to hold Mr. Clark on the 33-month sentence associated with his § 1512 count, as that was vacated by an order of the DC Circuit, nor the 12- and 6-month sentences associated with his misdemeanor counts, as those have been completed.  In light of the superseding indictment, Mr. Clark agrees with this Court's suggestion that the parties should litigate pretrial release pursuant to 18 U.S.C. § 3142 and, if the Court grants Mr. Clark's motion, should vacate its order requiring Mr. Clark to self-surrender.  Although the defense believes that the litigation of pretrial detention should be initiated by a motion filed by the government, Mr. Clark intends to file a motion for release by the Court's deadline as noted above.  In light of the new charges—including the fact that the government appears to have reindicted on the original misdemeanor charges—Mr. Clark agrees with the government that resentencing is not appropriate at this time.

Respectfully Submitted,

| FOR THE DEFENDANT | FOR THE UNITED STATES |
|---|---|
| A.J. KRAMER<br>FEDERAL PUBLIC DEFENDER | MATTHEW M. GRAVES<br>United States Attorney<br>D.C. Bar No. 481052 |
| */s/ Courtney Millian*<br>EUGENE OHM<br>COURTNEY MILLIAN<br>Assistant Federal Defenders<br>625 Indiana Avenue, NW<br>Suite 550<br>Washington D.C. 20004<br>(202) 208-7500<br>Eugene_Ohm@fd.org<br>Courtney_Millian@fd.org | */s/ Nialah S. Ferrer*<br>NIALAH S. FERRER<br>Assistant United States Attorney<br>New York Bar No. 5748462<br>601 D Street NW<br>Washington D.C. 20530<br>(202) 557-1490<br>Nialah.Ferrer@usdoj.gov |