UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACOB CLARK,<br><br>                Defendant. | Crim. Action No. 21CR538(DLF) |

## MOTION FOR PRETRIAL RELEASE

Mr. Clark moves for pretrial release. Release is appropriate because: 1) there is a presumption of release; 2) Mr. Clark has demonstrated that he is compliant with conditions when under supervision; and 3) the evidence against Mr. Clark is weak.

Mr. Clark is a 35-year-old father who has a record of complete compliance with conditions of release in this case. He was released pretrial for over two years and had no compliance issues. Mr. Clark has also followed his conditions of supervised release since his release by the Bureau of Prisons in September of this year. Mr. Clark is a single father who supports his 16-year-old daughter. While on pretrial release initially, Mr. Clark maintained steady employment at Todd Construction and Logging Company. Since his release, has been rehired with Todd Construction. Given Mr. Clark's record of compliance and his continued strong incentives to comply with his conditions of release—namely, his singular focus on caring for and supporting his teenage daughter—there are conditions that would reasonably assure the Court of the safety of the community. This Court should thus order Mr. Clark remain released.

### Background

On August 25, 2021, the government filed an indictment charging Mr. Clark with Obstruction of an Official Proceeding and Aiding and Abetting (pursuant to 18 U.S.C. §

1512(c)(2)); Entering or Remaining in a Restricted Building or Grounds (pursuant to § 1752(a)(1)); Disorderly and Disruptive Conduct in a Restricted Building or Grounds (pursuant to § 1752(a)(2)); Engaging in Physical Violence in a Restricted Building or Grounds (pursuant to § 1752(a)(4)); Disorderly Conduct in a Capitol Building (pursuant to § 5104(e)(2)(D)); and Parading, Demonstrating, or Picketing in a Capitol Building (pursuant to § 5104(e)(2)(G)). On January 30, 2023, Mr. Clark was convicted pursuant to a stipulated bench trial.

Mr. Clark appealed, and, on August 28, 2024, Mr. Clark and the government filed a joint motion to vacate his § 1512(c)(2) conviction and remand for further proceedings. On September 9, 2024, the D.C. Circuit vacated Mr. Clark's § 1512(c)(2) conviction and remanded. On September 17, 2024, the Bureau of Prisons (BOP) released Mr. Clark because he had completed the equivalent of a 12-month sentence on his remaining counts of conviction, all of which were misdemeanors.

On October 2, 2024, the government obtained a superseding indictment, dropping the § 1512(c)(2) charge entirely, reindicting on the misdemeanor charges, and adding a Civil Disorder count (pursuant to § 231(a)(3)) and two Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon counts (pursuant to § 111(a)(1) and (b)).

On October 10, 2024, the government filed a motion for a hearing, arguing that Mr. Clark was erroneously released by BOP. On October 17, 2024, this Court held a status conference and agreed that Mr. Clark should not have been released by BOP absent an order from this Court resentencing Mr. Clark. This Court directed Mr. Clark to self-surrender by October 31, 2024.

On October 21, 2024, this Court issued a minute order inviting Mr. Clark to file a motion for pretrial release. He now does so.

**Argument**

Consistent with the presumption of innocence and the Eighth Amendment prohibition against excessive bail, the Bail Reform Act of 1984 provides that a defendant should be released pending trial on personal recognizance or "subject to the least restrictive further conditions, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b) and (c)(1)(B). The Supreme Court has explained: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); *see also United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose."). As a general rule, courts should refuse to release defendants on bail "[o]nly in rare circumstances," and "only for the strongest of reasons." *United States v. Motamedi*, 767 F.2d 1403, 1405, 1406 (9th Cir. 1985) (Kennedy, J.). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." *Id*. at 1405.

The government bears the burden of demonstrating, by clear and convincing evidence, that preventative detention is necessary to ensure the safety of the community. No rebuttable presumption exists in this case so the burden of production and proof rests with the government. The government must ultimately prove that detention is necessary by the weighty "clear and convincing evidence" standard. Because it cannot prove that Mr. Clark is dangerous, with any combination of conditions, he should be released.

Under the Bail Reform Act, the Court must consider the following factors when determining whether the government has set forth clear and convincing evidence that Mr. Clark be detained. They are: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence; 3) the history and characteristics of the person charged; and 4) the nature and

seriousness of the danger posed by the person to any person in the community if he is released. 18 U.S.C. § 3142(g). Weighing all of these factors, this Court should release Mr. Clark.

1. *Nature and Circumstances of the Offense Charged*

The nature and circumstances of the offense charged weigh in favor of release. Mr. Clark was on pretrial release for the entirety of this case. And, while the government has brought additional charges, the nature and circumstances of Mr. Clark's underlying conduct on January 6 have not changed. Indeed, by sentencing in this case, the government and the Court were aware of assaultive conduct that undergirds the government's new charges. Yet, Mr. Clark was permitted to self-surrender.

A grant of pretrial release is also consistent with this Court's practice in other January 6 cases with assault charges. *See United States v. Edward Rodriguez* (21-cr-483-DLF); *United States v. Kenneth Joseph Owen Thomas* (21-cr-552-DLF-1); *United States v. Philip S. Young* (21-cr-617-DLF); *United States v. Kevin Douglas Creek* (21-cr-00645-DLF); *United States v. Joseph Brody* (24-cr-00067-DLF); *United States v. Thomas Andrew Casselman* (24-cr-00111-DLF); *United States v. Mitchell Bosch* (24-cr-00210-DLF); *United States v. Lewis Wayne Snoots* (24-cr-00234-DLF); *United States v. Zachary Alam* (21-cr-190-DLF); *United States v. Michael Picciuto* (24-cr-00290-DLF); *United States v. Donald Ross Workman, Jr.* (24-cr-00398-DLF); *United States v. Aaron Donald Sauer* (24-cr-00400-DLF); *United Staes v. Brian Glenn Bingham* (22-cr-00092-DLF); *United States v. Jonathan Joseph Copeland* (23-cr-00224-DLF). This Court should follow that practice and order Mr. Clark released.

## 2. The weight of the evidence

The weight of the evidence in this case cuts both ways. In light of Mr. Clark's conviction of this misdemeanor offenses in this case following a stipulated bench trial, he does not contest the government's evidence on those counts for the purposes of this motion.

As to the assault charge involving the plank, however, Mr. Clark disputes the government's evidence. This Court already considered that charge at Mr. Clark's initial sentencing and found that the government had not met its burden of proving that offense by a preponderance of the evidence. The government's so-called "new" evidence does not add much more – there is no additional video evidence that Mr. Clark threw the plank, nor are there additional witnesses implicating Mr. Clark. The only additional evidence comes from an assertion, made in November 2023 from the officer who was struck. There, he says that he "did not believe the plank throw" from the video reviewed by the Court at the sentencing hearing "was the plank that hit him due to the motion of the crowd" and that the video "seems like after" he was hit.

## 3. Mr. Clark's History and Characteristics

Mr. Clark's history and characteristics strongly support pretrial release. As his record in this case demonstrates, pretrial release works exceptionally well for Mr. Clark. As noted, Mr. Clark had an impeccable record of compliance with his conditions of pretrial release and release pending sentencing. *See* PSR 6 (noting that Pretrial Services Agency of the District of Columbia (PSADC) records indicate Mr. Clark complied with all Court ordered conditions of release). Since his release, Mr. Clark has maintained compliance while under supervision.[1] In short, the

---

[1] While incarcerated, Mr. Clark also made admirable use of his time. He completed non-residential drug treatment. *See* Dkts. 96-1–96-4. He dutifully paid down his financial assessment every month. *Id.* He completed three rounds of money management classes. *Id.* And he took education courses in composting, gardening, monarchs, plants, and hobby craft. *Id.*

government, on this record, cannot identify an articulable threat that, by clear and convincing evidence, requires detention.

### 4. *The Nature and Seriousness of the Danger to Any Person in the Community*

Mr. Clark is not a danger to anyone in the community. Mr. Clark regrets his actions on January 6 and has no interest in repeating them or ever returning to Washington, DC. To the extent this Court has any concerns about the upcoming election, conditions of release can be fashioned to assuage the Court's concerns, such as a stay-away order from Washington, DC (with exceptions for court hearings and meetings with defense counsel). The government cannot prove otherwise, especially by clear and convincing evidence.

At all three stages of this three-year-old case, the government has implicitly agreed that Mr. Clark did not pose a danger with minimal conductions. After his initial arrest, the government did not request that Mr. Clark be detained pretrial, presumably because it did not find to be either a risk of danger to the community or a risk of flight. After Mr. Clark was found guilty, the government did not request that he be detained pending sentencing and did not oppose self-surrender. The government cannot now say, by clear and convincing evidence, that there are no conditions or combination of conditions that can reasonably assure the court of the safety of the community. On the contrary, the government's initial and subsequent determinations were proven right—Mr. Clark was entirely compliant with his conditions and reported to the Bureau of Prisons as directed. Nothing about that has changed.

Furthermore, while this Court previously denied Mr. Clark's motions for release pending appeal because Mr. Clark had not demonstrated he was entitled to reduced sentence less than the total of the time he has already served plus the expected duration of the appeal process, this Court never wavered from its earlier conclusion that Mr. Clark did not pose a danger to the community.

In this posture, the burden was on Mr. Clark, not the government, to prove by clear and convincing evidence that he was not a danger. The Court found that Mr. Clark had met his burden:

> In this case, the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. The defendant has not fled or endangered anyone during a lengthy period of pretrial release. Rather, for more than two years, he has complied with substantially all of his pretrial release conditions. The defendant's strong family ties and his other history and characteristics -- as discussed in the Court's lengthy sentencing hearing -- further indicate to the Court that release would not endanger the public or create a risk of flight.

Minute Order (Dec. 12, 2023). The Court should reach them same result here and order him released.

## **Conclusion**

Wherefore, for the foregoing reasons, the government has not met its burden of demonstrating that there no conditions or combination of conditions that will assure the safety of the community. Mr. Clark respectfully requests that the Court order Mr. Clark released and vacate its earlier order requiring him to self-surrender.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
COURTNEY L. MILLIAN
EUGENE OHM
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500