UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACOB CLARK,<br><br>                Defendant. | Crim. Action No. 21CR538(DLF) |

**REPLY IN SUPPORT OF MOTION FOR PRETRIAL RELEASE**

    This is an unusual case. The parties and the Court do not need to make predictions about how Mr. Clark will behave on pretrial release or whether he will be a danger to the public. We know because we have years of experience with Mr. Clark on pretrial release in this case. And what does his record on release show? Mr. Clark obeys the conditions of his release. He does not pose a danger to others. Instead, he goes to work and does his best to care for his teenage daughter.

    Even if everything the government said in its motion was correct—about the weight of the evidence, about the concerns about Mr. Clark's criminal record, and about Mr. Clark's behavior while incarcerated—it would not change the fact that experience teaches us that Mr. Clark is not a threat on release. Indeed, for all the government's arguments about new evidence it has found and new charges it has brought, it offers no reason why we should think Mr. Clark will behave any differently on release this time than he did last time. That alone settles the question in his favor.

    In any event, the government's arguments in its motion are unpersuasive. First, the government's so-called new evidence about the plank incident is simply a statement from the law enforcement officer that he does not believe the plank throw shown at sentencing was the correct one. According to him, the officer thought he was at the front of the line of officers in the hall—

1

not towards the back where the plank landed. But the very crypt video relied on by the government contradicts this. It shows that the officer was one of the very *last* officers to enter the hall of the crypt. In other words, he was at the back of the crowd of officers—not the front. From that position at the back, he could not have seen who threw the plank.

Furthermore, the government has made much of the fact that Mr. Clark was supposedly the only one with a plank in this area of the Capitol. But its theory of guilt by-process-of-elimination cannot work now. On the government's own, new interpretation of the evidence, there were multiple plank throws and so presumably multiple people with planks. It cannot claim Mr. Clark was the only one because, on its own theory, he was not. For this additional reason, it's proof falls far short.

The government's efforts to focus on Mr. Clark's criminal record also fail to move the needle. Mr. Clark's criminal record is extremely limited and does not come close to suggesting that he is too dangerous to be released under any conditions. His prior convictions amount to: (1) a 18-year-old drug possession offense when Mr. Clark was only 18 that resulted in probation, (2) a 14-year-old DUI and attendant impersonation charge when Mr. Clark was 21 for which he received 15 days imprisonment, (3) a fine, and (4) traffic tickets. Plus, following the stipulated bench trial in this very case, the misdemeanor offenses arising from January 6th. Not only does this grab bag of mostly minor offenses not establish that Mr. Clark would be a danger if released under any set of conditions, but this Court knew all of this when it permitted Mr. Clark to self-surrender (back, notably, when the burden was on Mr. Clark to prove he was not dangerous rather than the government to prove he was). This does not advance the government's case.

The government also homes in on a single cell-phone infraction by Mr. Clark while incarcerated. This infraction—for probably the single most common offense in BOP custody—

2

says nothing about whether Mr. Clark possesses a danger to the community while on release, where cell-phone use is not only allowed by encouraged.[1]

Furthermore, while the government's motion focuses heavily on the alleged assaultive conduct, it does not acknowledge, much less attempt to distinguish, the numerous cases cited in Mr. Clark's motion where January 6 defendants with assault charges were not detained pretrial.

---

[1] The government also repeats defense counsel's earlier misstatement that Mr. Clark got into a fight with a racist inmate because Mr. Clark shared his phone with a person of color and the other inmate got mad. This is not reflected in BOP's records and, as defense counsel has said on a number of occasions, that representation was a mistake. Defense counsel believes he confused Mr. Clark with another client and profusely apologizes for the mistake, which he has sought to correct on several occasions already and corrects again here.

3

## CONCLUSION

For the foregoing reasons, the government has not met its burden of demonstrating that there are no conditions or combination of conditions that will assure the safety of the community.[2] Mr. Clark respectfully requests that the Court order Mr. Clark released and vacate its earlier order requiring him to self-surrender.

                                              Respectfully submitted,

                                              A. J. KRAMER
                                              FEDERAL PUBLIC DEFENDER

                                                  /s/

                                              _____
                                              COURTNEY L. MILLIAN
                                              EUGENE OHM
                                              Assistant Federal Public Defender
                                              625 Indiana Avenue, N.W., Suite 550
                                              Washington, D.C.  20004
                                              (202) 208-7500

---

[2] The government suggests that Mr. Clark should alternatively be detained under 18 U.S.C. § 3143(a)(1) because he is pending eventual resentencing on the misdemeanor offenses.  The procedural posture on those offenses is odd because the government has chosen to reindict on those offenses notwithstanding its conviction.  It is, thus, unclear to defense counsel whether the next step on those charges is resentencing. But even if it is eventually, the government's motion for detention is not, in fact, premised on those offenses.  If the government had argued that the misdemeanor offenses by themselves justified detention, it would be on firmer ground claiming that 18 U.S.C. § 3143(a)(1) applies. But the overwhelming thrust of opposition is the new charges, which are undisputedly in a pretrial posture.  The standards under 18 U.S.C. § 3142 are, thus, the right ones.